1
2
3
4
5
6
7                       UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   DUPREE LAMONT ADKINS,                       No.  2:23-cv-1654 AC P

11              Plaintiff,

12        v.                                      ORDER

13   J. SCHULTZ, et al.,

14              Defendants.

15

16        Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983

17   without a lawyer.  He has requested leave to proceed without paying the full filing fee for this

18   action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot

19   afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to

20   proceed in forma pauperis is granted.[1]  Plaintiff has also filed a motion to exceed the twenty-five-

21   page limit for e-filed complaints (ECF No. 3) and that request will be granted.

22        I.        Statutory Screening of Prisoner Complaints

23        The court is required to screen complaints brought by prisoners seeking relief against "a

24   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

1

claim "is [legally] frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Id., 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.    Factual Allegations of the Complaint

Plaintiff is a state inmate bringing a civil rights complaint against defendants Schultz, Richardson, Crawford, De Jesus, Pursey, and Hayden for violations of his rights under the First and Fourteenth Amendments.  ECF No. 1.  Generally, plaintiff alleges that he is Black and, over a six-month period after he was unassigned from kitchen duty for mental health reasons, he received three violations for not showing up for work detail while two similarly situated white inmates were treated differently for the same conduct.  Id. at 6-9, 11-13, 17-18.  He also alleges that the treatment he received was in retaliation for filing grievances and telling defendants that he would sue them.  Id. at 21-25

2

More specifically, plaintiff alleges that on October 21, 2022, his Interdisciplinary Treatment Team (IDTT) counselor began the months-long process of unassigning him from kitchen duty due to "ongoing mental health issues and violence." Id. at 10-11, 17. Crawford, who was the kitchen supervisor, drew a red line through plaintiff's name on the list of kitchen workers so he would not be called to work while the IDTT completed the process. Id. at 2, 11.

On November 5, 2022, De Jesus issued the first rules violation report (RVR) against plaintiff for failing to report to work. Id. at 7. Richardson then proceeded to find him guilty of the RVR and Schultz upheld the guilty finding. Id. at 8-9, 15-16. Two similarly situated white inmates, Vincent and Robertson, also received RVRs for not appearing for work duty. Id. However, De Jesus and Richardson permitted Vincent and Robertson to receive mental health accommodations to explain their behavior—even though plaintiff was refused those accommodations—and Richardson found them not guilty as a result. Id. Plaintiff asserts that De Jesus, Richardson, and Schultz all "hold[] racial animus against [him] because [he is] black," and that Richardson and Schultz are white like Vincent and Robertson. Id. at 7-9. He further asserts that Schultz was retaliating against him for seeking an injunction against him. Id. at 15-16.

On December 17, 2022, Pursey singled out plaintiff by issuing a second RVR as "a ruse to cover up his Racial Animus towards [plaintiff] because [plaintiff] is black and informed [Pursey he] would sue him." Id. at 12. Pursey did not issue Vincent or Robertson RVRs for refusing to work. Id. at 13. De Jesus then discriminated against plaintiff by making a mental health assessment that plaintiff was not eligible for staff assistance to gather evidence and present a mental health defense at the RVR hearing, and Richardson found him guilty despite knowing plaintiff had been removed from his kitchen assignment by his IDTT. Id. at 13-14.

On January 5, 2023, plaintiff's IDTT finished unassigning him from kitchen duty. Id. at 18. However, on May 2, 2023, after plaintiff told Hayden that he was going to sue him for racial discrimination, Hayden issued plaintiff a third RVR for refusing to work in the kitchen, even though Hayden knew that IDTT had unassigned him from kitchen duty. Id. at 17, 25. He did not issue similar RVRs to Vincent and Robertson. Id. at 18. Plaintiff alleges that Hayden holds animus towards him and discriminated against him because he is Black and because plaintiff told

Hayden he would sue him. Id. at 17, 25. Even though Crawford did not approve the first two RVRs, she approved the third RVR in retaliation for a staff complaint plaintiff filed a week earlier and for which she was assigned as the investigator. Id. at 18-19, 23-24.

### III.    Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid claim against defendants Schultz, Richardson, and De Jesus for violation of the Equal Protection Clause. Plaintiff's allegations that these defendants denied him the same treatment during the disciplinary process that was afforded to white inmates who received similar disciplinary write ups under similar circumstances at the same time as plaintiff are sufficient to state a claim for relief. He has also stated cognizable retaliation claims against defendants Hayden and Crawford based on Hayden's issuance and Crawford's approval of the third RVR.

### IV.    Failure to State a Claim

However, the allegations in the complaint are not sufficient to state a discrimination claim against defendants Crawford, Pursey, or Hayden. Plaintiff does not offer any facts from which the court can infer that these defendants treated plaintiff differently from other inmates or singled him out because of his race. Although plaintiff alleges that Crawford discriminated against him, he alleges that her animus was based on his filing of a grievance, not on his membership in a protected class. ECF No. 1 at 18. With respect to Pursey and Hayden, unlike the allegations against Schultz, Richardson, and De Jesus, which demonstrate that they were involved in the RVRs issued to Vincent and Robertson, there are no facts showing that Pursey or Hayden were aware of Vincent and Robertson's failure to report to work under circumstances similar to plaintiff when they issued plaintiff RVRs.

Nor do the allegations in the complaint state a claim for retaliation against defendants De Jesus, Richardson, Pursey, or Schultz. Although plaintiff alleges that Schultz conduct was motivated by a motion for an injunction he filed against Schultz, the motion was filed approximately two months prior to Schultz' decision to uphold the first RVR, and there are no facts indicating that Schultz was aware of the motion or that would otherwise indicate that the

motion was the impetus for his decision.  See ECF No. 1 at 8, 16, 21.  Plaintiff does not appear to be alleging that De Jesus, Richardson, and Pursey's conduct was retaliatory.  See ECF No. 1 at 21-26 (Claim II, alleging retaliation by Schultz, Crawford, and Hayden).  However, to the extent he was attempting to make a claim for retaliation, he does not allege that De Jesus and Richardson's conduct was motivated by his protected conduct.  With respect to Pursey, he makes only a conclusory assertion that Pursey issued the RVR because plaintiff stated he would sue him, with no facts regarding when plaintiff made the statement to Pursey or any other facts that would support an inference of retaliation.

Finally, to the extent plaintiff may be attempting to state a claim for the violation of his due process rights in the disciplinary process, he fails to state a claim.  He does not allege that he lost any good-time credits, and it appears that the first and second RVRs, where he claims he was denied the ability to present evidence, were eventually overturned through the appeals process.  ECF No. 1 at 14, 16, 23.

It appears to the court that plaintiff may be able to allege facts to fix these problems.  Therefore, plaintiff has the option of filing an amended complaint.  In deciding whether to file an amended complaint, plaintiff is provided with the relevant legal standards governing his potential claims for relief which are attached to this order.  See Attachment A.

V.    Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make.  After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendants Schultz, Richardson, and De Jesus on the Fourteenth Amendment equal protection claims, and against defendants Hayden and Crawford on the First Amendment retaliation claims. By choosing this option, plaintiff will be agreeing to voluntarily dismiss all other claims and defendant Pursey.  The court will proceed to immediately serve the complaint and order a response from defendants Schultz, Richardson, De Jesus, Hayden, and Crawford.**

////

5

1      **The second option available to plaintiff is to file an amended complaint to fix the**

2   **problems described in Section IV.  If plaintiff chooses this option, the court will set a**

3   **deadline in a subsequent order to give plaintiff time to file an amended complaint.**

4      VI.     <u>Motion for Discovery</u>

5      Plaintiff has filed a request for AVSS footage to be preserved, which the court construes

6   as a motion for discovery.  ECF No. 9.  The motion will be denied both as premature and because

7   it appears to seek the preservation of videos unrelated to the incidents at issue in this case.  <u>See</u> <u>id.</u>

8   at 3, 5 (seeking video from incidents that occurred in November 2024).

9      VII.     <u>Plain Language Summary of this Order for Party Proceeding Without a Lawyer</u>

10      Some of the allegations in the complaint state claims against the defendants and some do

11   not.  You have stated a claim for discrimination against defendants De Jesus, Richardson, and

12   Schultz and for retaliation against Hayden and Crawford.

13      You have not stated any claims against Pursey because there are not any facts to support

14   that he issued you an RVR either because of your race or because you filed a grievance or

15   lawsuit.  You also have not alleged any claims for discrimination against Crawford or Hayden

16   because there are no facts showing that they treated you differently because of your race.  There

17   are not enough facts to support claims for retaliation against De Jesus, Richardson, or Schultz

18   because your complaint does not show that their conduct was motivated by your grievances or

19   lawsuits.  You have not stated any due process claims based on your inability to put forth

20   evidence related to your first and second RVRs because you do not allege that you lost good-time

21   credits and it appears they were reversed on appeal.

22      You have a choice to make.  You may either (1) proceed immediately on your

23   discrimination claims against defendants De Jesus, Richardson, and Schultz and retaliation claims

24   against Hayden and Crawford and voluntarily dismiss the other claims and defendant Pursey or

25   (2) try to amend the complaint.  To decide whether to amend your complaint, the court has

26   attached the relevant legal standards that may govern your claims for relief.  <u>See</u> Attachment A.

27   Pay particular attention to these standards if you choose to file an amended complaint.

28   *////*

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.  Plaintiff's motion to exceed the page limit (ECF No. 3) is GRANTED.

4.  Plaintiff's motion to preserve AVSS footage (ECF No. 9) is DENIED.

5.  Plaintiff's allegations against defendant Pursey do not state any claims for relief and he has not stated a viable due process claim against any defendant.  He also does not state any claims against defendants Crawford, Pursey, and Hayden for discrimination or against De Jesus, Richardson, Pursey, and Schultz for retaliation.

6.  Plaintiff has the option to proceed immediately on his Fourteenth Amendment discrimination claims against defendants De Jesus, Richardson, and Schultz and his First Amendment retaliation claims against Hayden and Crawford as set forth in Section III above or to file an amended complaint.

7.  Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

8.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of plaintiff's due process claims against all defendants; all claims against defendant Pursey; the discrimination claims against defendant Crawford, Pursey, and Hayden; and the retaliation claims against De Jesus, Richardson, Pursey, and Schultz.

DATED: February 26, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    DUPREE LAMONT ADKINS,                     No.  2:23-cv-1654 AC P

11                    Plaintiff,

12          v.                                  NOTICE OF ELECTION

13    J. SCHULTZ, et al.,

14                    Defendants.

15

16          Check one:

17    _____ Plaintiff wants to proceed immediately on his discrimination claims against defendants De

18          Jesus, Richardson, and Schultz and his retaliation claims against Hayden and Crawford

19          without amending the complaint.  Plaintiff understands that by choosing this option his

20          due process claims against all defendants; all claims against defendant Pursey; the

21          discrimination claims against defendant Crawford, Pursey, and Hayden; and the retaliation

22          claims against De Jesus, Richardson, Pursey, and Schultz will be voluntarily dismissed

23          without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

24    _____ Plaintiff wants time to file an amended complaint.

25

26    DATED:_____

27                                         _____
                                           DUPREE LAMONT ADKINS
28                                         Plaintiff pro se

                                                1

<u>Attachment A</u>

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.    <u>Legal Standards Governing Amended Complaints</u>

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Id.</u>; <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  <u>See</u> L.R. 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

II.    <u>Legal Standards Governing Substantive Claims for Relief</u>

A.  <u>Equal Protection</u>

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally.  <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985) (citation omitted).  "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class."  <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998)).  Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were

1

1   intentionally treated differently without a rational relationship to a legitimate government

2   purpose.  Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

3       B.  Retaliation

4       "Within the prison context, a viable claim of First Amendment retaliation entails five

5   basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

6   because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

7   exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

8   correctional goal."  Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).

9       C.  Disciplinary Due Process

10      "Prison disciplinary proceedings are not part of a criminal prosecution, and the full

11  panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418

12  U.S. 539, 556 (1974).  Rather, with respect to prison disciplinary proceedings that include the loss

13  of good-time credits, an inmate must receive (1) twenty-four-hour advanced written notice of the

14  charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence

15  relied on and reasons for the disciplinary action," id. at 564 (quotation marks and citation

16  omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so

17  "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4)

18  assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a

19  sufficiently impartial fact finder, id. at 570-71.  A finding of guilt must also be "supported by

20  some evidence in the record."  Superintendent v. Hill, 472 U.S. 445, 454 (1985).  When a

21  procedural error is later corrected through administrative process and the prisoner does not

22  ultimately lose good-time credits, there is no compensable due process violation.  Frank v.

23  Schultz, 808 F.3d 762, 764 (9th Cir. 2015) (per curiam) (citations omitted).

24

25

26

27

28

2